UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HARRY RIVERS,
13408 Colwyn Road
Fort Washington, MD 20744

    Plaintiff,                                         Civil Action No.: 1:18-cv-1867

v.

D.C. RAPE CRISIS CENTER
5321 First Place, NE
Washington D.C., 20011

    Defendant.

_____

## COMPLAINT
_____

Plaintiff Harry Rivers, by and through his counsel Emejuru Law LLC, and brings forth this action against the D.C. Rape Crisis Center and respectfully avers as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction and venue is proper in this judicial district because this cause of action arose, and Defendant is located in this judicial district.

2. Diversity jurisdiction also exist because the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

### PARTIES

3. Plaintiff Harry Rivers is a natural person and resident of the State of Maryland.

4. Defendant D.C. Rape Crisis Center is an employer and regularly conducts and transacts business within the District of Columbia.

## FACTUAL ALLEGATIONS

5. Harry Rivers, a resident of the State of Maryland, began his tenure with the D.C. Rape Crisis Center in March 2015. He was hired as a full time Financial Director for the Organization in July 2015.

6. Mr. Rivers was primarily responsible for managing and accounting for all of DCRCC's financial resources.

7. Mr. Rivers initially reported to Executive Director Sherrell Hessell Gordon between March 2015 to May 2016.

8. Subsequently, Mr. Rivers directly reported to Executive Director Indira M. Henard. He reported to her from June 2016 to his final day on January 31, 2018.

9. Mr. Rivers experienced a pay increase for "continued hard work, dedication, and performance" on July 14, 2016.

10. Mr. Rivers experienced a pay increase on January 4, 2017 for his "continued dedication and hard work…and for "the extraordinary way in which [Rivers] [has] dedicated [himself] to ensuring that DRCC lays a strong healthy foundation, as it relates to its fiscal responsibilities."

11. Mr. Rivers was diagnosed with a serious health condition that severely limited his ability to walk, lift, drive, stand and work in August 2017. Mr. Rivers was diagnosed with Cancer.

12. Mr. Rivers reached out to Henard in September 2017 and informed her of his diagnosis and that he would need leave for treatment.

13. Mr. Rivers requested leave on October 19, 2017, November 20, 2017 to November 22, 2017. November 27, 2017 through January 2, 2017.[1]

14. On the leave days where he sought treatment, Mr. Rivers was repeatedly contacted by Ms. Henard to perform job duties. Ms. Henard contacted Mr. Rivers multiple times on *inter alia* December 8, 2017, December 14, 2017, and December 31, 2017. All days he was scheduled for leave and sought treatment.

15. Specifically, Ms. Henard requested that Mr. Rivers join phone calls, take meetings, sign documents and letters and discuss work related issues, despite Mr. Rivers indicating that he was still on leave for his treatment plans.

16. While Mr. Rivers was on sick leave, some of the work related issues that he was forced to assist with were financial auditing and planning for DCRCC's FY2018. The auditing and reporting showed that DCRCC did not have substantial financial issues or losses that warranted his termination.

17. Mr. Rivers returned to work on January 2, 2018.

18. Mr. Rivers was terminated on January 31, 2018.

## PLAINTIFF'S CLAIMS

### DISABILITY DISCRIMINATION – D.C. HUMAN RIGHTS ACT

19. Plaintiff incorporates all paragraphs herein *seriatim.*

20. Defendant, by and through, its agents or supervisors, discriminated against and terminated Plaintiff because of his disability.

21. Plaintiff prays for judgment against Defendant for all damages allowable by law, statutory damages, compensatory damages, punitive damages, pre-judgment interest

---

[1] With exception of federal holidays.

at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## PRAYER FOR RELIEF

## PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff prays that judgment be entered against Defendant D.C. Rape Crisis Center for all damages allowable (including statutory, actual, compensatory, nominal, and punitive) expenses, attorney's fees, and for such other and further relief as may be just and proper.

Dated this 8th of August, 2018

> By: _/s/ Ikechukwu Emejuru_____
> Ikechukwu Emejuru, Bar No., 19262
> Emejuru Law L.L.C.
> 8403 Colesville Road
> Suite 1100
> Silver Spring, MD 20910
> Telephone: (240) 638 102786
> Facsimile: 1-800-250-7923
> iemejuru@emejurulaw.com